IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

    Plaintiff,

v.

JOSEPH BRADAC, et al

    Defendants.

ORDER

Case No. 22-cv-455-jdp

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

    Plaintiff,

v.

CHRISTOPHER DROST, et al.

    Defendants.

ORDER

Case No. 22-cv-462-jdp

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

    Plaintiff,

v.

TODD HALLETT, et al.

    Defendants.

ORDER

Case No. 22-cv-463-jdp

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

    Plaintiff,

v.

AMANDA TREMBLY, et al.

    Defendants.

ORDER

Case No. 22-cv-464-jdp

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

    Plaintiff,

v.

JERRET MCCLAIN, et al.

    Defendants.

ORDER

Case No. 22-cv-497-jdp

---

    Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a five proposed civil actions under 42 U.S.C. § 1983.  Plaintiff has filed a certified copy of a trust fund account statement in support of the motion for leave to proceed without prepaying the fee in case 22-cv-455-jdp. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1).  Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $13.50 for each case (total $67.50).  For the cases to proceed, plaintiff must submit these amounts on or before October 11, 2022.

    If plaintiff does not have enough money to make the initial partial payments from plaintiff's regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

ORDER

IT IS ORDERED that,

1. Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is assessed $13.50 as an initial partial payment of the $350.00 fee for filing each of these cases. Plaintiff is to submit check or money order made payable to the clerk of court in the amount of $13.50 for *each* case (or a single check in the amount of $67.50) or advise the court in writing why plaintiff is not able to submit the assessed amounts on or before October 11, 2022.

2. If, by October 11, 2022, plaintiff fails to make the initial partial payment(s) or show cause for failure to do so, plaintiff will be held to have withdrawn the action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

3. No further action will be taken in the case until the clerk's office receives plaintiff's initial partial filing fees as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 16th day of September, 2022.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge